IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. __:____-CV-___-__

| | |
|---|---|
| BETTY MESSIER, individually and on behalf of similarly situated persons, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| SDS RESTAURANT GROUP, LLC, | ) ) |
| Defendant. | ) ) ) |

**COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND**

Plaintiff Betty Messier ("Plaintiff"), individually and on behalf of all other similarly situated delivery drivers, by and through her counsel Brown, LLC and Crumley Roberts LLP, brings this Collective and Class Action Complaint against Defendant SDS Restaurant Group LLC, and alleges as follows:

1. Defendant operates numerous Pizza Hut franchise stores in North Carolina and South Carolina.[1] Defendant employs delivery drivers who use their own automobiles to deliver pizzas and other food items to their customers. However, instead of reimbursing delivery drivers for the reasonably approximate costs of the business use of their vehicles, Defendant uses a flawed method to determine reimbursement rates that provides such an unreasonably low rate beneath any reasonable approximation of the expenses the drivers incur that their unreimbursed expenses cause their wages to fall below the federal minimum wage during some or all workweeks.

---
[1] *See* https://www.sdspizzahut.com/locations.html

1

2. Plaintiff brings this lawsuit individually and as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) to recover unpaid minimum wages and overtime wages owed to herself and similarly situated delivery drivers employed by Defendant at its Pizza Hut stores.

3. In addition, Plaintiff brings this lawsuit individually and as as a class action under Fed. R. Civ. P. 23 with respect to her claims that Defendant's failure to properly reimburse drivers for their vehicles expenses was a *de facto* deduction and withholding of wages, in violation of North Carolina General Statute §§ 95-25.6 and 95-25.8.

## Jurisdiction and Venue

4. The Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.

5. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

6. The Court has personal jurisdiction over Defendant because it maintains its company headquarters at 3280 Charles Blvd, Suite A, Greenville, North Carolina 27858 and maintains systematic and continuous contacts with the State of North Carolina by operating Pizza Hut stores in North Carolina, and because Plaintiff's claims arise out of Defendant's contacts with North Carolina.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District.

## Parties

8. Defendant SDS Restaurant Group LLC is a foreign limited liability corporation authorized to conduct business in the State of North Carolina and may be served directly at its

company headquarters at 3280 Charles Blvd, Suite A, Greenville, North Carolina 27858, through its registered agent CT Corporation System at 160 Mine Lake Court, Suite 200, Raleigh, North Carolina 27615, or wherever it may be found.

9. Plaintiff was employed by Defendant from approximately July 31, 2019 through January 31, 2022 as a delivery driver.

10. Plaintiff reported to Defendant's Pizza Hut store located at 1505 S. Glenburnie Rd., New Bern, North Carolina 28562 throughout her employment with Defendant.

11. During the period of approximately March 2020 to January 2021, Plaintiff also reported to Defendant's Pizza Hut store located 2709 Hwy. 70 E, New Bern, NC 28562.

12. Plaintiff's consent to pursue this claim under the FLSA is attached to this Original Complaint as "**Exhibit 1**."

### General Allegations

#### *Defendant's Business*

13. Defendant owns and operates numerous Pizza Hut franchise stores, including stores within this District and this Division.

14. Defendant's Pizza Hut stores employ delivery drivers who all have the same primary job duty: to deliver pizzas and other food items to customers' homes or workplaces.

#### *Defendant's Flawed Automobile Reimbursement Policy*

15. Defendant requires its delivery drivers to maintain and pay for safe, legally operable, and insured automobiles when delivering pizzas and other food items.

16. Defendant's delivery drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizzas and other food items for the primary benefit of Defendant.

3

17. Defendant's delivery driver reimbursement policy reimburses drivers on a per-mile basis that is below the IRS business mileage reimbursement rate or any other reasonable approximation of the cost to own and operate a motor vehicle. This policy applies to all of Defendant's delivery drivers.

18. The result of Defendant's delivery driver reimbursement policy is a reimbursement of much less than a reasonable approximation of its drivers' automobile expenses.

19. During the applicable FLSA limitations period, the IRS business mileage reimbursement rate ranged between $.56 and $0.585 per mile.[2] These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for business use.

20. The driving conditions associated with the pizza delivery business cause even more frequent and higher maintenance costs and more rapid depreciation from driving as much as, and in the manner of, a delivery driver. Defendant's delivery drivers experience lower gas mileage and higher repair costs than the average driver used in the above calculations. The nature of the delivery business includes frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

21. Defendant's reimbursement policy does not reimburse delivery drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicle, and thus Defendant uniformly fails to reimburse their delivery drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendant's benefit.

---

[2] On June 9, 2022, the IRS, in recognition of recent gasoline price increases, raised the standard mileage rate for business travel to 62.5 cents per mile for the final 6 months of 2022, up 4 cents from the rate effective at the start of the year. *See* https://www.irs.gov/newsroom/irs-increases-mileage-rate-for-remainder-of-2022

4

22. Defendant's systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendant such that the hourly wages paid to Plaintiff and Defendant's other delivery drivers are not paid free and clear of all outstanding obligations to Defendant.

23. Defendant failed to reasonably approximate the amount of their drivers' automobile expenses to such an extent that their drivers' net wages are diminished beneath the federal minimum wage requirements.

24. In sum, Defendant's reimbursement policy fails to reflect the realities of delivery drivers' automobile expenses.

### *Defendant's Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations*

25. Regardless of the precise amount of the per-mile reimbursement at any given point in time, Defendant's reimbursement formula has resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal minimum wage.

26. Defendant paid Plaintiff $7.25 per hour for approximately the first year of her employment, $7.40 per hour for approximately the second year of her employment, and $7.55 thereafter for the remainder of her employment.

27. The federal minimum wage has been $7.25 per hour since July 24, 2009.

28. Plaintiff regularly worked hours in excess of forty (40) in a workweek, for which she was entitled to receive time-and-a-half of her regular rate of pay.

29. Defendant reimbursed Plaintiff at a rate of $1 per delivery throughout her employment with Defendant, except that during a portion of the period that she reported to

5

Defendant's store located at 2709 Hwy. 70 E, New Bern, NC 28562, Defendant reimbursed her at a rate of $1.10 per delivery made from that store.

30. During Plaintiff's employment, the IRS business mileage reimbursement rate ranged between $0.56 and $0.585 per mile,[3] which reasonably approximated the automobile expenses incurred delivering pizzas.

31. In some weeks, Plaintiff drove an average of seven miles for delivery, which at the IRS mileage rate of $0.56 per mile, resulted in vehicle expenses of $3.92 per delivery, and a net loss to Plaintiff of $2.92 per delivery when factoring in the $1 delivery payment she received from Defendant.

32. In those same weeks, Plaintiff made an average of approximately 1.5 deliveries per hour worked, meaning that for every hour she worked she suffered a net loss of $4.38 per hour.

33. Applying this net loss of $4.38 per hour against Plaintiff's hourly wage of $7.55 per hour yields a net hourly rate of $3.17 per hour, which is well below the federal minimum wage.

34. In many weeks, Plaintiff drove an average of more than seven miles for delivery, this further reducing her net hourly rate.

35. In many weeks, Plaintiff made an average of more than 1.5 deliveries per hour worked, this further reducing her net hourly rate.

36. Defendant's other delivery drivers had similar experiences to those of Plaintiff. They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar

---

[3] *See* http://www.irs.gov/Tax-Professionals/Standard-Mileage-Rates

6

Case 4:22-cv-00068-M-KS   Document 1   Filed 06/27/22   Page 6 of 18

frequencies; and were paid at or near the federal minimum wage before deducting unreimbursed business expenses.

37. Because Defendant paid its drivers a gross hourly wage at or above the federal minimum wage, and because the delivery drivers incurred unreimbursed automobile expenses, the delivery drivers "kicked back" to Defendant an amount sufficient to cause minimum wage violations.

38. While the amount of Defendant's actual reimbursements per delivery may vary over time, Defendant applied the same flawed policy and methodology with respect to all delivery drivers at all of their other Pizza Hut stores. Thus, although reimbursement amounts may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

39. Defendant's low reimbursement rates were a frequent complaint of Defendant's delivery drivers, yet Defendant continued to reimburse at a rate much less than any reasonable approximation of delivery drivers' automobile expenses.

40. The net effect of Defendant's flawed reimbursement policy is that Defendant has willfully failed to pay the federal minimum wage to its delivery drivers.

**Collective Action Allegations**

41. Plaintiff brings her FLSA claims individually and as an "opt-in" collective action on behalf of the "FLSA Collective," defined to include:

> All delivery drivers employed by Defendant in the United States at any time within the three (3) years preceding the commencement of this action and the date of judgment.

42. The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

7

43. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendant's practice of failing to pay employees the federal minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendant's records, and potential collective members may be notified of the pendency of this action via mail and electronic means.

44. Plaintiff and all of Defendant's delivery drivers are similarly situated in that:

a. They have worked as delivery drivers for Defendant delivering pizzas and other food items to Defendant's customers;

b. They have delivered pizzas and other food items using automobiles not owned or maintained by Defendant;

c. Defendant required them to maintain these automobiles in a safe, legally-operable, and insured condition;

d. They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendant;

e. They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

f. They were subject to the same pay policies and practices of Defendant;

g. They were subject to the same delivery driver reimbursement policy that underestimates automobile expenses per mile, and thereby were systematically deprived of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks;

h. They were reimbursed similar set amounts of automobile expenses per delivery; and

8

i. They were paid at or near the federal minimum wage before deducting unreimbursed business expenses.

## Class Action Allegations

45. Plaintiff brings her claims under North Carolina General Statute §§ 95-25.6 and 95-25.8 individually and on a class basis pursuant to Fed. R. Civ. P. 23 on behalf of the "Rule 23 Class," defined to include:

> All delivery drivers employed by Defendant in North Carolina at any time within the two (2) years preceding the commencement of this action and the date of judgment.

46. The North Carolina claims are brought individually and on behalf of all similarly situated persons who do not opt-out of the North Carolina Class.

47. The North Carolina claims satisfy the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

48. The Rule 23 Class satisfies the numerosity standard as it consists of at least fifty (50) persons who are geographically dispersed and, therefore, joinder of all members of the Rule 23 Class in a single action is impracticable.

49. Questions of fact and law common to the Rule 23 Class predominate over any questions affecting only individual members. The questions of law and fact common to the Rule 23 Class arising from Defendant's actions include, without limitation:

a. Whether Defendant failed to pay net wages to members of the Rule 23 Class as required by North Carolina General Statute §§ 95-25.6 and 95-25.8;

b. Whether Defendant failed to pay the Rule 23 Class all wages earned by them and promised to them in violation of North Carolina General Statute §§ 95-25.6 and 95-25.8;

c. Whether Defendant has withheld wages from the Rule 23 Class without meeting the requirements of N.C. Gen. Stat. 95-25.8;

d. Whether Defendant reimbursed the Rule 23 Class for their actual expenses;

e. Whether Defendant reimbursed the Rule 23 Class at the IRS standard business mileage rate;

f. Whether Defendant failed to reasonably reimburse members of the Rule 23 Class for using their own vehicles to deliver Defendant's pizzas and other food items; and

g. Whether Defendant's formula and/or methodology used to calculate the payment of reimbursement for vehicle expenses resulted in unreasonable under-reimbursement of the members of the Rule 23 Class.

50. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

51. The claims of the North Carolina Named Plaintiff are typical of those of the Rule 23 Class in that:

a. Plaintiff and the Rule 23 Class have worked as delivery drivers for Defendant delivering pizza and other food items to Defendant's customers;

b. Plaintiff and the Rule 23 Class delivered pizza and food items using automobiles not owned or maintained by Defendant;

c. Defendant required the Plaintiff and the Rule 23 Class to maintain their automobiles in a safe, legally-operable, and insured condition;

d. Plaintiff and the Rule 23 Class incurred costs for automobile expenses while delivering pizzas and other food items for the primary benefit of Defendant;

e. Plaintiff and the Rule 23 Class were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

f. Plaintiff and the Rule 23 Class were subject to the same pay policies and practices of Defendant;

g. Plaintiff and the Rule 23 Class were subject to the same delivery driver reimbursement policy that underestimates automobile expenses per mile, and thereby systematically deprived of reasonably approximate reimbursements;

h. Plaintiff and the Rule 23 Class were reimbursed similar set amounts of automobile expenses per mile;

i. Plaintiff and the Rule 23 Class were not paid all wages accruing to them on their regular payday; and

j. Plaintiff and the Rule 23 Class were not informed of and did not sign off on the deductions taken from their wages.

52. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the Rule 23 Class.

53. Plaintiff is an adequate representative of the Rule 23 Class because she is a member of the Rule 23 Class and her interests do not conflict with the interests of the members of the Rule 23 Class she seeks to represent. The interests of the members of the Rule 23 Class will be fairly and adequately protected by Plaintiff and the undersigned counsel, who have

extensive experience prosecuting complex wage and hour, employment, and class action litigation.

54. Maintenance of this action as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy as members of the Rule 23 Class have little interest in individually controlling the prosecution of separate class actions, no other litigation is pending over the same controversy, it is desirable to concentrate the litigation in this Court due to the relatively small recoveries per member of the Rule 23 Class, and there are no material difficulties impairing the management of a class action.

55. It would be impracticable and undesirable for each member of the Rule 23 Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Rule 23 Class members.

**COUNT I**
**(Brought on an Individual and Collective Basis)**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT,**
**29 U.S.C. § 201, *et seq*. -- FAILURE TO PAY MINIMUM WAGE**

56. Plaintiff reasserts and re-alleges the allegations set forth above.

57. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

58. Defendant is subject to the FLSA's minimum wage requirements because Defendant is an enterprise engaged in interstate commerce, and its employees are engaged in commerce.

12

59. At all times relevant to this action, Defendant was an employer under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, *et seq.*

60. Defendant maintains an enterprise whose annual gross volume of sales made or business done has exceeded $500,000 at all relevant times.

61. Defendant maintains an enterprise that has, at all relevant times, had employees engaged in commerce or in the production of goods for commerce, and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

62. At all relevant times herein, Plaintiff and all other similarly situated delivery drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

63. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated delivery drivers.

64. Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

65. As alleged herein, Defendant has reimbursed delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage.

66. Defendant knew or should have known that its pay and reimbursement policies and practices would result in a failure to compensate delivery drivers at the federal minimum wage.

67. Defendant, pursuant to their policies and practices, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

68. Plaintiff and all similarly situated delivery drivers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all delivery driver employees in Defendant's Pizza Hut stores.

69. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendant acted willfully, or at least demonstrated reckless disregard for whether their conduct was unlawful.

70. Defendant have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b).

71. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage and overtime compensation has been unlawfully withheld by Defendant from Plaintiff and all similarly situated employees. Accordingly, Defendant is liable for such wages under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

### COUNT II
### (Brought on an Individual and Class Basis)
### VIOLATION OF N.C. GEN. STAT. 95-25.6
### UNLAWFUL WAGE DEDUCTIONS

72. Plaintiff reasserts and re-alleges the allegations set forth above.

73. N.C. Gen. Stat. 95-25.6 states that every employer shall pay every employee all wages and tips accruing to the employee on the regular payday.

74. By ITS policy of failing to fully reimburse delivery drivers for their delivery-related expenses, which constitute *de facto* deductions from pay, Defendant HAS failed to pay all wages and tips due to their delivery drivers by their regular payday.

75. Defendant did not act in good faith when they violated N.C. Gen. Stat. 95-25.6.

76. Plaintiff and the Rule 23 Class are entitled to their unpaid wages and unlawful deductions, liquidated damages in an amount equal to their unpaid wages and unlawful deductions, and interest for the two years preceding the filing of the complaint in this matter.

77. Plaintiff and the Ruler 23 Class are further entitled to recover their attorney's fees and costs.

78. Plaintiff and the Rule 23 Class demand judgment against Defendant and pray for: (1) compensatory damages; (2) liquidated damages; (3) costs of litigation and attorney's fees as provided by law; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### COUNT III
### (Brought on an Individual and Class Basis)
### VIOLATION OF N.C. GEN. STAT. 95-25.8
### UNLAWFUL WAGE WITHHOLDING

79. Plaintiff reasserts and re-alleges the allegations set forth above.

80. N.C. Gen. Stat. 95-25.8(a)(2) states that an employer is permitted to withhold a portion of an employee's wages provide that the employer has written authorization from the employee which is signed on or before the payday for the pay periods for which the deduction is made; indicates the reason for the deduction; and states the actual dollar amount of wages which shall be deducted from one or more paychecks.

81. Defendant has not obtained written authorization from the Plaintiff or the Rule 23 Class to withhold a portion of their wages to cover their delivery-related expenses, which constitute *de facto* withholding from pay.

82. Defendants did not act in good faith when they violated N.C. Gen. Stat. 95-25.8

83. Plaintiff and the Rule 23 Class are entitled to their unpaid wages and unlawful deductions, liquidated damages in an amount equal to their unpaid wages and unlawful deductions, and interest for the two years preceding the filing of the complaint in this matter.

84. Plaintiff and the Rule 23 Class are further entitled to recover their attorney's fees and costs.

85. Plaintiff and the Rule 23 Class demand judgment against Defendant and pray for: (1) compensatory damages; (2) liquidated damages; (3) costs of litigation and attorney's fees as provided by law; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff, Betty Messier, individually and on behalf of all others similarly situated, by and through her attorneys, requests an entry of an Order the following relief:

a. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Count I);

b. Certifying this action as a class action (for the Rule 23 Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's North Carolina law claims (Counts II and III);

c. Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all FLSA Collective members and Rule 23 Class members, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the collective and class members of their rights by law to join and participate in this lawsuit;

d.  Designating Plaintiff as the representative of the FLSA Collective and the Rule 23 Class and undersigned counsel as Class counsel for the same;

e.  Declaring Defendant willfully violated the FLSA and the Department of Labor's attendant regulations as cited herein;

f.  Declaring Defendant willfully violated North Carolina General Statute §§ 95-25.6 and 95-25.8;

g.  Granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff and the FLSA Collective and Rule 23 Class the full amount of damages and liquidated damages available by law;

h.  Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

i.  Award Plaintiff an incentive award as compensation for serving as a representative of the FLSA Collective and Rule 23 Class;

j.  Awarding pre- and post-judgment interest to Plaintiff on these damages; and

k.  Awarding such other and further relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, Betty Messier, individually and on behalf of all others similarly situated, by and through her attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled cause.

RESPECTFULLY SUBMITTED,

Dated: June 27, 22~~June 27, 22~~~~June 23, 22~~

By: /s Brian L. Kinsley
Brian L. Kinsley
CRUMLEY ROBERTS LLP
2400 Freeman Mill Road
Greensboro, NC 27406
T: (800) 288-1529

17

BLKinsley@crumleyroberts.com
State Bar No. 38683

*Local Counsel for Plaintiff*

Nicholas Conlon (*Special Appearance*)
BROWN, LLC
111 Town Square Pl Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5279

nicholasconlon@jtblawgroup.com

*Lead Counsel for Plaintiff*